THE PEOPLE *ex rel.* Will L. Talbott, County Treasurer,

*v.*

THE CHICAGO AND ALTON RAILWAY COMPANY.

*Opinion filed June 19, 1907.*

1. TAXES—*what does not show that road tax was illegal.* The fact that the highway commissioners of a town under the cash system had improperly attempted in a former year to levy a road tax under the provision of the statute governing towns under the labor system has no effect upon a subsequent road tax shown to have been properly levied in compliance with section 13 of the Roads and Bridges act, governing towns under the cash system.

2. SAME—*when interest at ten per cent is allowable on "back assessment."* Interest at ten per cent is authorized by section 276 of the Revenue act to be computed by the county clerk upon a "back assessment" made by the State Board of Equalization upon railroad property, where there was apparently no attempt by the board to re-value or re-assess the property but only to make the assessment for omitted property.

APPEAL from the County Court of Livingston county; the Hon. C. F. H. CARRITHERS, Judge, presiding.

R. S. McILDUFF, and B. R. THOMPSON, for appellant.

C. C. & L. F. STRAWN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Livingston county applied to the county court of said county for judgment against property of appellee for delinquent taxes of $161 on its depot property in the city of Pontiac, $182.57 the road and bridge tax of the township of Sunbury, and $78.10 interest on a back assessment of the capital stock and franchise of appellee for the year 1904, and for an order of sale to satisfy the same. The court sustained the objections and refused judgment, and from the decision and judgment of the county court this appeal was taken.

It is admitted that the judgment was correct so far as the tax of $161 on the depot property is concerned, and the errors assigned are confined to the road and bridge tax and the interest charge.

The objection to the road and bridge tax of the township of Sunbury was, that said tax was levied by the commissioners of highways of said town under the provisions of section 83 of chapter 121, being the act in regard to roads and bridges in counties under township organization; (Laws of 1883, p. 136;) that said section governs towns under the labor system while the town of Sunbury was under the cash system; that the highway commissioners, acting under the labor system, levied fifty cents on the $100 of the property valuation whereas they could levy only forty cents on the $100 of such valuation, and that there was no record in the town clerk's office of the purposes for which the levy was made.

To meet the *prima facie* case made by the collector the objector called as a witness the town clerk, and proved that there was no record of any vote adopting the labor system. The clerk then identified the town road record, and the objector offered in evidence the record of the proceedings of the commissioners of highways at a meeting held April 12, 1905, which recited that they decided to levy thirty-five cents on each $100 as it was on the assessor's books for 1904 district road tax. This evidence tended to prove that on April 12, 1905, the commissioners made an attempt to levy a tax under the labor system by virtue of section 83, and if the town was under the cash system such levy would be illegal. But it was shown that the attempted tax levy of April 12, 1905, was not for the tax which objector was asked to pay. The town clerk testified that the record of the levy offered by the objector was not the record of the levy of the road and bridge tax for 1905, for which judgment was asked. The record of the semi-annual meeting of the commissioners on September 5, 1905, was offered in evidence, showing that the commissioners at that meeting determined that a tax of fifty cents on each $100 should be levied on all the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer for the year 1905, in pursuance of and in compliance with section 13 of chapter 121 of the statute. The levy was not made under section 83, relating to towns under the labor system, but was made under and by authority of section 13, governing towns under the cash system. The record showed the purposes for which the levy was made, and they were those specified in section 13, and the record recited that the levy was made under that section. The objector alleged that the town was under the cash system, and the commissioners were therefore authorized to levy not exceeding sixty cents on each $100 of the property valuation. The objection to the road and bridge tax was groundless.

The county clerk computed interest at ten per cent upon the back assessment of the capital·stock and franchise of the objector, and the objection alleged that such interest charge was void and not authorized by law. Such a charge is authorized by section 276 of chapter 120 of the Revised Statutes, relating to revenue, in the case of property omitted in the assessment of any year. But counsel for objector say that this back assessment was neither necessarily nor by inference an assessment of omitted property, and therefore it was not within the statute. The objector offered in evidence a certificate of the State Board of Equalization stating that said board had made a back assessment of capital stock and franchise against the objector for the year 1904, amounting, in the aggregate, to $339,100, and that the amount apportioned to Livingston county was $27,749, and the county clerk was directed to apportion that sum as a back assessment of capital stock and franchise for the year 1904 to the several localities in the county entitled thereto, in the manner provided by law. No objection was made to the back assessment, as it was called, and the only objection was to the interest charge. The board of equalization did not, apparently, attempt to re-value or re-assess property already valued and assessed, and what was called the back assessment could only have been an assessment for omitted property. The board could only make the back assessment as of so much capital stock and franchise omitted from the assessment for the year 1904. The addition of ten per cent was legal and authorized by the statute, and the county court erred in sustaining an objection to it.

The judgment of the county court is reversed as to the road and bridge tax of $182.57 and the interest on the assessment of capital stock and franchise, amounting to $78.10, and the cause is remanded to that court with directions to overrule the objections and enter judgment for said amounts.               *Reversed and remanded.*